Mr. Hope, good morning. Good morning, Your Honor. Before I begin, Your Honor, I would like to point out to the Court that I filed a supplemental citation. Yes, we have it. Okay. I apologize for the late notice on that. We knew of it before you did, and you made a good choice as to your citation of the case to us. Thank you, Your Honor. This case, I represent Patrick Gaffney-Kessell. He's incarcerated for a serious crime, a violation of 18 U.S.C. 2423b, but his sentence in this case was based not just on the crime he committed, but on another separate crime, which was uncharged in this Court, unconvicted. Uncharged in this Court? Uncharged in the District Court. Uncharged in the State Court? Charged in the State, Your Honor, yes. All right. But not convicted at the time. At the time, but shortly thereafter, he pled guilty to the State charge, did he not? That's correct, Your Honor. I'm just a little curious about the sentencing. Did you ask the Federal Court to delay and see what the State Court outcome of that charge would be? I wasn't trial counsel, Your Honor. No, but you know the record. But no, as far as I'm aware, there was no request for that. And how, what was the distance in time? A month? I think it was even less than that, Your Honor. I think it was a week or two. In regards to that sentence, though, I would bring up a point I was going to come to later, but in this case, Mr. Gaffney Kessel received a five-point offense level increase because of that uncharged conduct. If... I thought we just established it was not uncharged conduct. I'm sorry, Your Honor, that unconvicted conduct. If it had been convicted and he had not received that five-point increase, he would have had a criminal history increase to Category 2, but his guidelines range would still have been lower than the five-point increase left him at. I think that it's particularly worth noting to this Court that in this case, the unconvicted conduct was generated a larger sentence than if Mr. Gaffney Kessel had been convicted. And I think that's particularly problematic. As this Court is aware, there was no objection below, so this is reviewed for plain error, as to the guidelines error. It's our position that the guidelines were, are ultraviorous, that they're beyond the allowable statutory power of the Sentencing Commission, and that therefore it was plain error to enforce those guidelines. We believe that the Sentencing Commission is to sentence for the offense, and that the offense here was the violation of 2423B, not the internal to main behavior that he received the five-point enhancement for. Let me ask you to stick with that for a minute. If the judge is to have discretion in sentencing, in other words, unless the sentence is specified to the day by the statute, then how is the judge to exercise that discretion other than by making determinations on collateral matters, such as remorse, standing in the community, effect on others, prior act? I mean, where do you start drawing the line on the type of things that a judge in exercising his or her discretion can make and affect findings? There's two responses to that, Your Honor. The first is that there was a second enhancement in this case, an enhancement for using a computer during the course of the crime. I have questions as to what the wisdom of that enhancement. That's clearly a conduct of this particular offense consideration, which the Court can take into account, and which the Sentencing Commission could take into account. How about character testimony that the defendant brings on, that he brings in a parade of witnesses to say this is really atypical behavior, he was under great stress at the time. Can a judge consider that? And I believe the judge can consider that as a matter of his discretion, and I'll get to whether there was an abuse of discretion here in a moment, Your Honor. But if a judge can consider that, then doesn't it follow that the judge could consider in ruling on the character evidence that, well, it seems to me he committed another crime? Well, the judge's determination as a matter of discretion there, Your Honor, is different from what the Sentencing Commission can put into the guidelines. Whether the judge has discretion to consider that is something separate from whether the Sentencing Commission is entitled to put into the guidelines a requirement that the judge consider that. And I think that that is where the error here is, as far as the guidelines portion of our argument goes. But since the guidelines are advisory in any event, even if the judge is told to consider it, he doesn't have to give it any weight if he doesn't want to? He doesn't have to, Your Honor, but he's required to start by calculating the guidelines and beginning with the guidelines calculation, and it's error not to figure the guidelines. A mistake in the guidelines calculation is still a relevant consideration in the sentencing hearing. In fact, I would suggest, Your Honor, as a matter of exercising his discretion, my sister in the government's brief has suggested that there was no request for an exercise of discretion outside the guidelines. I suggest to the court that that simply is an incoherent reading of the sentencing transcript. Mr. Smith did not use the word variance, but he repeatedly asked for leniency, and the court's statement of reasons is based on giving a heightened sentence, and yet he gives the lowest guidelines sentence, as per the guidelines that the court figured, and a five-year supervised release, which is the minimum supervised release period. His statement of reasons and his sentence are incoherent unless he was comparing the sentence he gave to a below-guidelines sentence. So I think that the guidelines were definitely a factor in the judge's discretion here. I think there's no question that he considered them seriously and that where they were improperly calculated, it would have been, he might have imposed a different sentence in the exercise of his discretion had the guidelines been calculated as we suggest they should have been. So, Mr. Hope, are you saying that the guidelines in their entirety are ultra-various? No, Your Honor. I'm suggesting, as I said, there's a calculation herein for a two-point enhancement for using the computer, which is clearly part of the conduct of this. But why could the guidelines require that a judge consider that and not require that a judge consider the other elements that are in the guidelines? Because the statute directs the sentencing commission to establish guidelines based on the commission of the offense, Your Honor. We cite to that language in our brief, and I don't have the cite in front of me, but that's the grounds for why the first enhancement is something we regard as a legitimate enhancement and the second is one that we regard as not. As to the remainder of the abuse of discretion argument, Your Honors, we'd rest on our brief for why the evidence presented justified a below-guideline sentence if this court determines that the guidelines were properly applied. And I do again call this court's attention to U.S. v. Hill and to the distinction I make in my letter that the concurrence in Hill says that as a matter of stare decisis, the judge felt bound not to question this part of the guidelines. As my sister acknowledges in her brief, this court has not ruled on the proper application of this section of the guidelines, so we'd suggest that stare decisis does not prevent you from considering the Hill concurrence's reasons. Would your stare decisis analysis apply any differently to the type of conduct that was considered in Hill? My understanding, Your Honor, is that it would, that the particular drug crimes at issue there had already been decided by this court, and that that's what the concurrence certainly seems to believe. I have not gone and researched that area of law personally. Thank you. Thank you, Your Honor. Ms. McGooey. Margaret McGooey for the United States. If I may begin by answering Judge Lynch's question. Could you hold the microphone a little closer to you, Ms. McGooey? Hold the mic a little closer, yeah. Is that better? Yes. If I may begin by answering Judge Lynch's question about whether there was a request for a delay to find out what happened in the state case, there was not. And I suspect there was a really concrete reason there was no request, and that was that if federal sentencing had been delayed until the resolution of the state case, in the event of a conviction, the defendant would have been subject not to Section B of the guideline, 4B1.5, but instead to Section A, which would have geared his offense level to the statutory maximum on the federal crime, which I believe would have been offense level 34. So he had a strategic reason for wanting that case to be unresolved at the time. The government does press the procedural bar argument. No matter how you count them, there were either five or 11 opportunities to object to this enhancement. The government presses that argument not because this is a game of chess, but because it facilitates the orderly administration of justice for defendants to register their complaint in the district court, for the district court to rule on that at the time, for it to come to this court with the positions of the parties and the court fully briefed and understanding. So the government presses the procedural bar. But the government would also urge the court to affirm on the merits. Are you saying that there was a waiver? Well, there were so many forfeitures. But was nothing after the actual sentence, was there, Ms. McGooey? No, there was nothing after the actual sentence. It was before. Correct. Does that make a difference? I don't think so. And I don't press any difference. What I would urge the court to do is resolve the issue on the merits for a number of reasons. The resolution of the issue on the merits now prevents subsequent litigation. And the merits of this case are so very clear. This is not a relevant conduct guideline, such as was an issue in the Hill case. This is a freestanding guideline that was implemented in response to a congressional directive to set high sentences for people who repeatedly commit sex crimes against young children. This defendant was classic of that. He's a 26-year-old man who engaged in a salacious online relationship with a girl he knew was 13 years old. He traveled 10 hours from Maine to Pennsylvania, showed up at her house, admitted he intended to have sex with her, scared the living daylights out of her and her parents. He was the subject of investigations for two other similar incidents, the state charges that ultimately resulted in a conviction in which he had sex with a 15-year-old girl in the back seat of a car in a parking lot. And there was a third episode also involving a 15-year-old girl. So in the government's view, this guideline enhancement was totally properly applied. Now, to answer, I believe, Judge Kayada's question about the advisory nature of the guidelines and whether the judge could consider this as a matter of discretion, first of all, the judge made very clear in his sentencing ruling that he understood that the guidelines were advisory only. He then engaged in a very thorough analysis of 10 different factors, both in the defendant's favor and in the government's favor, that led him to believe that the minimum guideline sentence of 78 months was appropriate. I can reiterate those. They are thoroughly outlined in the government's brief. But to summarize the judge's ruling, it was that although this defendant had been the subject of sexual abuse as a child himself, and that was a factor that might warrant leniency, he also either was unwilling or refused to accept that engaging in sex with underage minors harms them. That's his ruling in a nutshell. If the court has questions, I'd be happy to answer them, but the government would urge the court to affirm on the merits. Thank you. Thank you both.